IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

—————————————————————

J. & W. TRADING AND LEASING,
INC., *et al.*,

               Plaintiffs,

      v.

STATE OF NEW YORK, *et al.*,

               Defendants.

—————————————————————

Civil Action No.
5:15-CV-0327 (GLS/DEP)

APPEARANCES:

FOR PLAINTIFFS:

JAMES P. MHINA, *Pro se*
P.O. Box 133
Syracuse, NY 13201

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

     Plaintiff James P. Mhina, purporting to act on behalf of himself, a

corporation, and four individuals, has commenced this action against the

State of New York, the City of Syracuse, Onondaga County, an Onondaga

County assistant district attorney, two City of Syracuse police detectives, and various private individuals and entities pursuant to 42 U.S.C. §§ 1981 and 1983 claiming that the defendants have deprived plaintiffs of their civil rights. Plaintiffs' complaint, which was prepared utilizing a series of civil rights complaint forms designed for use in section 1983 actions, is accompanied by a motion, brought on behalf of only plaintiff James Mhina, for leave to proceed in this action *in forma pauperis* ("IFP").

Plaintiffs' complaint and plaintiff James Mhina's accompanying IFP application have been forwarded to me for consideration. Based upon my review, I am granting plaintiff James Mhina's IFP application and recommending that he be permitted to proceed, solely on his own behalf, against two of the named defendants, but that the remaining claims be dismissed.

I.     BACKGROUND

This action was commenced on March 20, 2015. Dkt. No. 1. Plaintiffs' filing is generally confusing as it consists of (1) a two-page caption that identifies six plaintiffs[1] and fifteen defendants,[2] *id.* at 1-2; (2)

---

[1]     The six plaintiffs identified are (1) J. & W. Trading and Leasing, Inc., (2) James P. Mhina, C.E.O. J. & W. Trading and Leasing, Inc.; (3) Peter F. Mhina, President J. & W. Investor; (4) Marie K. Mhina, First V.P. & Investor; (5) E.E.M., Second V.P. & Investor; and (6) Kathy M. Mhina, Treasurer & Investor. Dkt. No. 1 at 1.

eight separate complaint forms intended for use in section 1983 civil rights matters, *id.* at 3-34; and (3) a motion to proceed IFP on behalf of plaintiff James Mhina, Dkt. No. 2. Although the caption of the matter identifies six plaintiffs, the eight complaint forms name only James Mhina and, in one instance, J. & W. Trading and Leasing, Inc., as plaintiffs. Dkt. No. 1 at 3, 7, 11, 15, 19, 23, 27, 31. Adding to the confusion is that each of the eight separate complaint forms is signed only by plaintiff James Mhina. *Id.* at 6, 10, 14, 18, 22, 26, 30, 34. Similarly, while the caption identifies fifteen defendants, the complaint forms assert claims against sixteen defendants, including (1) State of New York; (2) Beth Van Doren, Onondaga County ADA; (3) Onondaga County; (4) City of Syracuse; (5) Anthony Collavita, Syracuse Police Department ("SPD") Detective;[3] (6) David Burske, SPD Detective; (7) Woodhaven Apartments; (8) C.E.O. President of Woodhaven Apartments; (9) "John," Superintendent of Woodhaven

---

[2]    The fifteen defendants named in the cover sheet are (1) State of New York; (2) County of Onondaga; (3) Beth Van Doren, Onondaga County Assistant District Attorney ("ADA"); (4) City of Syracuse; (5) Anthony Collavita, City of Syracuse Police Detective; (6) David Burske, City of Syracuse Police Detective; (7) Woodhaven Apartments; (8) Owner of Woodhaven Apartments; (9) Woodhaven Apartments Superintendent, "John…"; (10) Key Bank; (11) Key Bank Vice President of Security; (12) Citizens Bank; (13) Citizens Bank Vice President of Security "John Cruse"; (14) Bank of America; and (15) Amy Bidwell, Bank of America Branch Manager. Dkt. No. 1 at 1.

[3]    Plaintiffs spell this defendant's last name as both "Collavita" and "Colavita" at various points in their complaint. *See, e.g.,* Dkt. No. 1 at 1, 12. For the sake of consistency, I will use the former spelling in this report.

Apartments; (10) Henry L. Meyer, III, C.E.O. of Key Bank; (11) Vice

Present of Security of Key Bank; (12) Key Bank; (13) Cathleen H. Hash,

C.E.O. of Citizens Bank; (14) Citizens Bank; (15) Brian T. Moynihan,

C.E.O. President of Bank of America; and (16) Amy Bidwell, Branch

Manager for Bank of America.[4] *Id.* at 3-4, 7-8, 11-12, 15-16, 19-20, 23-24,

27-28, 31-32.

The factual allegations set forth in the complaint that explain the

circumstances giving rise to plaintiffs' claims are also confusing. Generally,

plaintiffs allege that, in 2006, plaintiff James Mhina was arrested pursuant

to a warrant prepared by defendant Van Doren, indicted, and convicted of

petit larceny, attempted grand larceny, and possession of a forged

instrument.[5] According to plaintiffs, the arrest, which resulted from an

---

[4]     Certain of the defendants named by plaintiffs (*e.g.*, Woodhaven Apartment
Superintendent "John") are not sufficiently identified to permit them to be served with
the summons and complaint in the action. These "John Doe" or "Jane Doe" defendants
must be identified by plaintiffs through discovery or some other means and formally
joined as additional parties in order for plaintiffs to pursue claims against them.

[5]     According to publicly available records, plaintiff was convicted by a jury of three
counts of criminal possession of a forged instrument in the second degree, two counts
of falsifying business records in the first degree, and scheming to defraud in the
second degree. *People v. Mhina*, 110 A.D.3d 1445, 1446 (4th Dep't 2013). The
conviction was reversed by the New York State Appellate Division, Fourth Department,
based on the trial court's error in admitting evidence of plaintiff's prior convictions.
*Mhina*, 110 A.D.3d at 1446-47. It also appears from public records that plaintiff. Mhina
is a native and citizen of Tanzania and is currently the subject of removal proceedings
initiated by the Department of Homeland Security. *See Mhina v. Holder*, No. 14-CV-
0316, 2014 WL 4057433 (W.D.N.Y. Aug. 20, 2014).

investigation conducted by defendants Collavita and Burske, was based in part on the false reporting by certain defendants, and the indictment against plaintiff James Mhina based in part on false testimony from defendants Collavita, Burske, and Bidwell. Plaintiff James Mhina's convictions, which were prosecuted by defendant Van Doren, were overturned on appeal, and now plaintiffs contend that all of the defendants conspired to falsely charge and convict plaintiff James Mhina. Plaintiffs also allege that defendants Meyer, Key Bank, Nash, and Citizens Bank wrongfully closed plaintiff James Mhina's bank accounts causing plaintiffs to "los[e] 235 letters of credit."

## II.    DISCUSSION

### A.    Plaintiff James Mhina's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee.[6] 28

---

[6]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff Mhina meets the requirements for IFP status, his application for leave to proceed IFP is granted.[7]

With respect to the other plaintiffs, none of them have either paid the requisite filing fee or filed an application to proceed in the matter IFP. Ordinarily, all of the named plaintiffs must qualify for IFP status in order for the court to grant any of the plaintiffs' IFP applications. *See Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 n.8 (W.D.N.Y. June 4, 2009) ("[E]ach prisoner plaintiff herein must file a separate IFP Application and Prison Authorization Form."); *Norman v. Mellon Bank*, Nos. 90-CV-7268, 90-CV-7269, 90-CV-7271, 90-CV-7272, 90-CV-7273, 1990 WL 186989, at *1 (E.D. Pa. Nov. 26, 1990) ("If a civil action is properly instituted by multiple plaintiffs, before it should be allowed to proceed in forma pauperis under 28 U.S.C. § 1915, there should be filed of record affidavits or declarations of poverty by, or at least on behalf of, each and all of the plaintiffs in the action."). In this case, however, because the allegations in the complaint relate only to plaintiff James Mhina

---

[7]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

individually, and because he is the only purported plaintiff to have signed the complaint forms, I have construed the action as involving only one plaintiff James Mhina. Accordingly, IFP status is granted only as to that named plaintiff.

B.    Sufficiency of Plaintiffs' Complaint: Standard of Review

Because I have found that plaintiff James Mhina meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in plaintiffs' complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see*

*also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis.*").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998));
*see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is
proper only if the legal theory . . . or factual contentions lack an arguable
basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that
a complaint is based on an indisputably meritless legal theory, for the
purposes of dismissal under section 1915(d), may be based upon a
defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is
guided by applicable requirements of the Federal Rules of Civil Procedure
for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure
provides that a pleading must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
The purpose of Rule 8 "is to give fair notice of the claim being asserted so
as to permit the adverse party the opportunity to file a responsive answer,
prepare an adequate defense and determine whether the doctrine of res
judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16
(N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated
"enough facts to state a claim to relief that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    C.   <u>Analysis of Plaintiffs' Claims</u>

        1.   <u>Proper Plaintiffs</u>

The only plaintiff who has appeared in the action, signed the complaint, and submitted an application to proceed IFP is plaintiff James Mhina. Dkt. Nos. 1, 2. A party appearing as a litigant in federal court must pursue claims either personally or through counsel. 28 U.S.C. § 1654; *see Berrios v. N.Y. City Housing Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). While a party is permitted to appear *pro se* under section 1654, that

authority is limited to a party prosecuting or defending against claims in his or her own right and "does not permit 'unlicensed . . . [persons] to represent anyone else other than themselves.'" *Berrios*, 564 F.3d at 133 (citing and quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.2007)). In addition, with respect to plaintiff J. & W. Trading and Leasing, Inc., it is well established that, with few exceptions, none of which apply in this instance, a corporation may not represent itself *pro se* in an action filed in a federal district court but instead must be represented by counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Because no other plaintiff identified in the caption of plaintiffs' complaint has appeared, signed the form complaints, or submitted an application for IFP, I recommend that any claims asserted by plaintiffs J. & W. Trading and Leasing, Inc., Peter F. Mhina, Marie K. Mhina, E.E.M., and Kathy M. Mhina be dismissed unless, within thirty days of the date of an order approving this report, they (1) sign the complaint; (2) submit IFP applications or pay the filing fee; and (3) in the case of J. & W. Trading and Leasing, Inc., appear through counsel.

### 2. Claims Against Defendants

#### a. State of New York

Among the defendants named in the complaint is the State of New York. Dkt. No. 1 at 3. Plaintiff's claims in this action for damages against the State, however, are precluded by the Eleventh Amendment, which protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). Because plaintiffs' complaint seeks only money damages, the claims against the State of New York should be dismissed.

#### b. Beth Van Doren

The complaint also asserts claims against defendant Van Doren, an assistant district attorney for Onondaga County. *See, e.g.,* Dkt. No. 1 at 4. It is well-established that as a district attorney, defendant Van Doren is entitled to absolute immunity for conduct associated with her position. *See Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) ("[P]rosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity

obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

In this case, plaintiffs' claims against defendant Van Doren emanate from her conduct in prosecuting plaintiff James Mhina, including preparing an affidavit and warrant leading to his arrest, presenting the case to a grand jury, and interacting with potential witnesses in the case. *See generally* Dkt. No. 1. Because each of these functions is quintessentially prosecutorial in nature and was performed in connection with her role as an assistant district attorney, I recommend a finding that she is entitled from absolute immunity from suit, and that plaintiffs' claims against her be dismissed.

c. Woodhaven Apartments; C.E.O. President of Woodhaven Apartments; "John," Superintendent of Woodhaven Apartments; Henry L. Meyer, III, C.E.O. of Key Bank; Vice President of Security of Key Bank; Key Bank; Cathleen H. Hash, C.E.O. of Citizens Bank; Citizens Bank; Brian T. Moynihan, C.E.O. President of Bank of America; and Amy Bidwell, Branch Manager for Bank of America

In his complaint plaintiff has asserted claims under 42 U.S.C. § 1983 against Woodhaven Apartments; C.E.O. President of Woodhaven Apartments; "John," Superintendent of Woodhaven Apartments; Henry L. Meyer, III, C.E.O. of Key Bank; Vice President of Security of Key Bank; Key Bank; Cathleen H. Hash, C.E.O. of Citizens Bank; Citizens Bank; Brian T. Moynihan, C.E.O. President of Bank of America; and Amy Bidwell, Branch Manager for Bank of America, all of whom are private entities or individuals. Dkt. No. 1 at 15-16, 19-20, 23-24, 27-28, 31-32. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137,

144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *accord, Byng v. Delta Recovery Servs. LLC*, 568 F. App'x 65, 65-66 (2d Cir. 2014). With respect to the second requirement, to survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

The allegations set forth in the complaint concerning Woodhaven Apartments; C.E.O. President of Woodhaven Apartments; "John," Superintendent of Woodhaven Apartments; Meyer; Vice President of Security of Key Bank; Key Bank; Hash; Citizens Bank; Moynihan; and Bidwell are far from lucid. Plaintiffs appear to allege that they all conspired

with defendant Van Doren in connection with the prosecution against plaintiff James Mhina, and, in certain instances, took actions with regard to bank accounts belonging to one or some of the named plaintiffs. These allegations, which are, again, unclear, vague, and/or conclusory, are insufficient to plausibly suggest the private defendants acted under color or state law. *See, e.g., Bannerjee v. Papdakis*, 583 F. Supp. 757, 761 (2d Cir. 1984) ("[V]ague or conclusory allegations of official participation will not do."). I therefore recommend that plaintiffs' claims against the defendants listed above be dismissed on this basis.

### d. Onondaga County, City of Syracuse

Plaintiffs' complaint also names both Onondaga County and the City of Syracuse as defendants in the action. Dkt. No. 1 at 7, 11. It is clear that those entities are named solely based upon the fact that they employ defendants Van Doren, Collavita, and Burske, the individuals who allegedly committed the acts forming the basis of plaintiffs' claims. While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior. Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Blond v. City of Schenectady*, No. 10-CV-0598, 2010 WL 4316810, at *3 (N.D.N.Y. Oct. 26, 2010) (McAvoy, J.); *Birdsall v.*

*City of Hartford*, 249 F. Supp. 2d 163, 173 (D. Conn. 2003). For liability to attach against a municipality under section 1983, a plaintiff must establish that the alleged constitutional violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91; *Blond*, 201 WL 4316810, at *3; *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000). Having carefully reviewed plaintiffs' complaint, I find no allegation of any policy or practice on the part of Onondaga County or the City of Syracuse that would support a finding of *Monell* liability in this action. I therefore recommend dismissal of plaintiffs' claims against those municipal entities.

        e.     <u>Defendants Collavita and Burske</u>

Liberally construed, plaintiffs' complaint asserts false arrest and malicious prosecution claims against defendants Collavita and Burske.[8]

"The distinction between false imprisonment and malicious prosecution in

---

[8]     To the extent the complaint may be construed as asserting a claim of perjury based on allegations that any of the defendants lied under oath either in an affidavit or through testimony before the grand jury or at trial, that claim is not cognizable and should be dismissed. *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

the area of arrest depends on whether or not the arrest was made pursuant to a warrant." *Broughton v. State*, 335 N.E.2d 310, 315 (1975). "Typically, a warrantless deprivation of liberty from the moment of arrest to the time of arraignment will find its analog in the tort of false arrest . . ., while the tort of malicious prosecution will implicate post-arraignment deprivations of liberty." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995).

Mindful of my obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiffs' complaint alleges sufficient facts to warrant a response from defendants with respect to plaintiffs' false arrest and malicious prosecution claims.[9]

### 3. Plaintiffs' Claims Pursuant to 42 U.S.C. § 1981

In addition to section 1983, plaintiffs also rely upon 42 U.S.C. § 1981 to support their claims. Dkt. No. 1 at 1. Generally, section 1981 prohibits racial discrimination in a variety of activities, including "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons as property." 42 U.S.C. § 1981(a); *Saint Francis College v. Al-Khazraji*, 481

---

[9]     In so ruling, the court renders no opinion regarding whether the claims could survive a properly filed motion to dismiss.

U.S. 604, 609 (1987); *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 1999). To state a cognizable section 1981 claim, a plaintiff's complaint must allege facts plausibly suggesting that (1) the plaintiff is a member of a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of his race, and (3) the defendant discriminated in connection with one of the statute's enumerated activities. *Brown*, 221 F.3d at 339. The complaint must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.,* 35 F.3d 709, 713 (2d Cir. 1994); *see also Brown*, 221 F.3d at 339 ("Section 1981. . . only prohibits intentional racial discrimination.").

Plaintiffs' complaint in this matter contains no allegations that would support a claim under this provision. Fatal to the claim is the absence of any allegations either disclosing the race of any of the plaintiffs or that any of the defendants discriminated against the plaintiffs based on race. For this reason, I recommend that plaintiffs' cause of action under section 1981 be dismissed.[10]

---

[10]     Plaintiff's complaint also purports to assert a claim under 42 U.S.C. § 1988. Dkt. No. 1 at 1. Section 1988, however, only provides a prevailing party in a civil rights action an opportunity to apply for costs and attorney's fees and does not give rise to an independent cause of action. 42 U.S.C. § 1988(b); *Vecchia v. Towh of N. Hempstead*, 927 F. Supp. 549, 580 (E.D.N.Y. 1996) (citing cases).

D.  Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, while many of the deficiencies identified in the complaint may be cured through the inclusion of greater factual detail in his pleading, others, including his claims against defendants State of New York and Van Doren, suffer from fatal defects. Accordingly, while I recommend that plaintiffs' claims against those two defendants be dismissed with prejudice, I recommend plaintiffs be granted leave to amend with respect to the remaining claims.

If plaintiffs choose to file an amended complaint, they should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiffs must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiffs are informed that any such amended complaint will replace the existing amended complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ('It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY AND RECOMMENDATION

Although plaintiff James Mhina's IFP application is granted, I recommend dismissal of any claims asserted by co-plaintiffs J. & W. Trading and Leasing, Inc., Peter F. Mhina, Marie K. Mhina, E.E.M., and Kathy M. Mhina in the event that they fail to sign the complaint(s), file an application for leave to proceed IFP or pay the filing fee, and, with respect to plaintiff J. & W. Trading and Leasing, Inc., appear through counsel within thirty days of any decision adopting this report.

Turning to a review of the merits of plaintiffs' complaint, I conclude that plaintiffs' claims against all of defendants in this action, with the exception of defendants Collavita and Burske, are subject to dismissal, with leave to replead except with regard to plaintiff's claims against defendants State of New York and Van Doren, which should be dismissed without leave to replead.

It is therefore hereby

ORDERED that the application of plaintiff James Mhina for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that the claims asserted by co-plaintiffs J. & W. Trading and Leasing, Inc., Peter F. Mhina, Marie K. Mhina, E.E.M., and Kathy M. Mhina be dismissed in the event that (1) they fail to sign the complaint(s); (2) they fail to file an application for leave to proceed IFP or pay the filing fee; and (3) with respect to plaintiff J. & W. Trading and Leasing, Inc., appear through counsel within thirty days of any decision adopting this report; and it is further

RECOMMENDED that the claims asserted against all of the defendants in this action with the exception of defendants Anthony

Collavita and David Burske be DISMISSED with leave to replead except as against defendants State of New York and Van Doren.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C.§ 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     May 18,  2015
           Syracuse, New York


_____
David E. Peebles
U.S. Magistrate Judge