UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J. & W. TRADING AND
LEASING INC. et al.,

                **Plaintiffs,**              5:15-cv-327
                                                        (GLS/DEP)
        v.

STATE OF NEW YORK et al.,

                **Defendants.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
James P. Mhina
Pro Se
P.O. Box 133
Syracuse, NY 13201

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs *pro se* James P. Mhina ("Mhina"), J. & W. Trading and Leasing Inc., Peter F. Mhina, Marie K. Mhina, E.E.M., and Kathy M. Mhina commenced this action against defendants the State of New York, County of Onondaga, Beth Van Doren, City of Syracuse, Anthony Collavita, David Burske, Woodhaven Apartments, Owner of Woodhaven Apartments,

Woodhaven Apartments Superintendent "John," Key Bank, Key Bank Vice President of Security, Citizens Bank, Citizens Bank Vice President of Security "John Cruse," Bank of America, and Amy Bidwell, alleging a host of claims arising out of purportedly false criminal charges against Mhina. (*See generally* Compl., Dkt. No. 1.) In a Report, Recommendation, and Order (R&R) issued on May 18, 2015 upon initial review of the complaint, Magistrate Judge David E. Peebles recommended that Mhina "be permitted to proceed, solely on his own behalf, against two of the named defendants, but that the remaining claims be dismissed." (Dkt. No. 5 at 2.) Pending are Mhina's objections to the R&R. (Dkt. Nos. 6, 9.) For the reasons that follow, the R&R is adopted in part and rejected in part.

## II. Background

Plaintiffs[1] commenced this action against defendants on March 20, 2015, alleging that Mhina was prosecuted and convicted of several underlying offenses, which were overturned on appeal. (*See generally* Compl.) Mhina further alleges that several of his bank accounts were

---

[1] As noted by Judge Peebles, although six plaintiffs are named in the caption of the complaint, (Compl. at 1), each of the eight complaint forms submitted with this action lists only James P. Mhina as plaintiff, (*id.* at 7, 11, 15, 19, 23, 27, 31), with the exception of one form, which also names J. & W. Trading and Leasing Inc., (*id.* at 3).

closed, which harmed his credit rating and violated his due process rights. (*Id.*) Mhina sought leave to proceed *in forma pauperis* (IFP), (Dkt. No. 2), which triggered initial review of his complaint pursuant to 28 U.S.C. § 1915(e). Upon this initial review, Judge Peebles granted Mhina's IFP application and recommended the dismissal of many, but not all, of the asserted claims. (Dkt. No. 5.)

## III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

3

In his R&R, Judge Peebles recommended that, with the exception of Mhina's claims against Collavita and Burske, all of plaintiffs' claims be dismissed. (Dkt. No. 5 at 23-24.) Specifically, Judge Peebles first noted that, other than Mhina, none of the remaining individual plaintiffs have signed the complaint, and thus recommended that they be dismissed unless, within thirty days of this court's ruling on the R&R, they: (1) sign the complaint; and (2) either submit an application to proceed IFP or pay the requisite filing fee. (*Id.* at 10-11.) Similarly, he recommended that J. & W. Trading and Leasing Inc. be dismissed—because a corporation may not represent itself *pro se*—unless the corporation appears through counsel within thirty days of this court's decision on the R&R. (*Id.* at 11.)

With respect to the claims asserted by Mhina, the only plaintiff who has signed the complaint, Judge Peebles first recommended that the claims against the State of New York and Van Doren be dismissed with prejudice due to Eleventh Amendment immunity and absolute prosecutorial immunity, respectively. (*Id.* at 12-13.) As to the County and the City, Mhina failed to allege any policy or practice that would support a claim of municipal liability. (*Id.* at 16-17.) Mhina also failed to allege the requisite state action as against the apartment and bank defendants, because his

4

"allegations [against them], which are . . . unclear, vague, and/or conclusory, are insufficient to plausibly suggest the private defendants acted under color o[f] state law." (*Id.* at 14-16.)  Regarding leave to amend, aside from the claims against the State of New York and Van Doren, Judge Peebles recommended that, despite these deficiencies, and given Mhina's *pro se* status, the claims be dismissed without prejudice, so that Mhina may, if he so chooses, have an opportunity to file an amended complaint in which he more clearly states his causes of action and supports them with specific factual allegations.[2] (*Id.* at 20-22.)  Finally, Judge Peebles recommended that Mhina's complaint be liberally construed as alleging false arrest and malicious prosecution claims against Collavita and Burske, and that those claims survive this initial review.  (*Id.* at 17-18.)

From what the court can discern from Mhina's objections, he appears to raise several additional allegations that are not contained in his complaint, and, for the most part, fails to object to any specific portion of the R&R.  For example, he makes additional factual allegations regarding his race discrimination claims, (Dkt. No. 6 at 8-9), and also attempts to

---

[2] Judge Peebles also noted that Mhina generally purports to assert claims under 42 U.S.C. §§ 1981 and 1988, but recommended that those claims be dismissed for failure to adequately state a claim.  (Dkt. No. 5 at 18-19 & n.10.)

more clearly assert that many of the defendants conspired to violate his constitutional rights, (*id.* at 38-40). These supplemental allegations, which amplify the vague and conclusory allegations in the complaint, are not properly considered on review of a magistrate judge's R&R. *See Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all."). Mhina also filed supplemental objections to the R&R, in which he contends that he should be awarded attorney's fees "after a decission [sic] on the merits" and asserts that J. & W. Trading "should be allowed to proceed without pay[ing] the filing fee." (Dkt. No. 9 at 4.) However, Mhina's request for attorney's fees is premature, as there has been no decision on the merits, and, as noted by Judge Peebles, the claims asserted by J. & W. Trading are subject to dismissal because a corporation must appear through counsel. (Dkt. No. 5 at 11 (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).)

Mhina does, however, appear to specifically object to the R&R's recommendation that the claims against Van Doren be dismissed with prejudice based on absolute prosecutorial immunity. (Dkt. No. 6 at 7-8, 16-

6

17.) Specifically, Mhina asserts that prosecutors are not entitled to absolute immunity when acting in an investigative capacity, as opposed to when taking acts involved in a prosecutorial function, and thus Van Doren is not necessarily entitled to absolute immunity. (*Id.*) The court construes this as a specific objection, which merits *de novo* review. See *Almonte*, 2006 WL 149049, at *3, *5.

As an initial matter, the court agrees with Judge Peebles that, as currently pleaded, all of the alleged acts attributed to Van Doren in the complaint would likely entitle her to absolute immunity. (Dkt. No. 5 at 12-13.) Mhina generally alleges that Van Doren "presented false evidence . . . to the grand jury," (Compl. at 5), and procured a "fraudulent arrest warrant," (*id.* at 8), thus resulting in a wrongful and malicious prosecution, (*id.* at 8-9). The Second Circuit has held that similar conduct is covered by absolute prosecutorial immunity. See *Kent v. Cardone*, 404 F. App'x 540, 543 (2d Cir. 2011) ("A prosecutor is absolutely immune with respect to non-investigatory conduct before a grand jury."); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149-50 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury, and noting that "the performance of functions . .

7

. involved in . . . obtaining an arrest warrant . . . [is] covered by absolute immunity"); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (extending absolute prosecutorial immunity to conspiracies to present false evidence at trial and before the grand jury); *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1987) (noting that prosecutors are immune from suit based on their actions in filing a criminal information and procuring an arrest warrant).

However, as alluded to by Mhina, while a prosecutor enjoys absolute immunity for acts taken as part of a prosecutorial function, only qualified immunity applies to acts taken by a prosecutor in an administrative or investigative role. *See Hill v. City of N.Y.*, 45 F.3d 653, 656 (2d Cir. 1995) ("When acting as a criminal investigator, a prosecutor is accorded only the qualified immunity ordinarily granted to the police function. Thus, whether a [prosecutor] is or is not entitled to absolute immunity for his or her conduct depends on the function being performed at that time."); *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987) ("[W]hen a prosecutor performs an investigative or administrative function rather than a prosecutorial one, absolute immunity is not available."). In his objections, Mhina raises this issue, and at least arguably contends that he can allege that Van Doren was acting in an investigative role. (Dkt. No. 6 at 7-8, 14-17.) Accordingly,

the court will not disturb Judge Peebles' recommendation that Mhina's claims against Van Doren be dismissed at this juncture. However, given the arguments raised in Mhina's objections, and considering Mhina's *pro se* status, the court will, in an abundance of caution, dismiss these claims without prejudice, so that Mhina may attempt to replead them in an amended complaint if he chooses to file one.

The remainder of Mhina's objections consist of vague, conclusory assertions that his constitutional rights were violated and that defendants breached a fiduciary duty owed to him. (Dkt. No. 6 at 18-38.) These "objections" are unrelated—and do not specifically object—to any portion of the analysis in the R&R, and thus are subject to review for clear error. *See Almonte,* 2006 WL 149049, at *4-5. After thorough review of Mhina's objections, and the remainder of the recommendations in the R&R, the court has found no clear error, and otherwise adopts Judge Peebles' recommendations.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' May 18, 2015 Report, Recommendation, and Order (Dkt. No. 5) is **REJECTED IN PART**

only to the extent that it recommended that Mhina's claims against Van Doren be dismissed with prejudice, and Mhina may re-plead his claims against Van Doren if he chooses to file an amended complaint; and it is further

**ORDERED** that the R&R is **ADOPTED** in all other respects; and it is further

**ORDERED** that the claims against the State of New York are **DISMISSED WITH PREJUDICE**, and that all other claims, except for those asserted against Collavita and Burske, are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that plaintiffs Peter F. Mhina, Marie K. Mhina, E.E.M, Kathy M. Mhina, and J. & W. Trading and Leasing Inc. be terminated unless, within thirty (30) days of the date of this Memorandum-Decision and Order, they sign the complaint, either file an application for leave to proceed IFP or pay the filing fee, and, with respect to J. & W. Trading and Leasing Inc., it appears in this action through counsel; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 8, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court