**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES P. MHINA,**

                      **Plaintiff,**

                      **v.**

**BETH VAN DOREN et al.,**

                      **Defendants.**
_____

**5:15-cv-327
(GLS/DEP)**

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>James P. Mhina<br>Pro Se<br>P.O. Box 133<br>Syracuse, NY 13201 | |
| **FOR THE DEFENDANTS:**<br>*Beth Van Doren*<br>Onondaga County Department of Law<br>John H. Mulroy Civic Center<br>421 Montgomery Street, 10th Floor<br>Syracuse, NY 13202 | RONNIE WHITE, JR., ESQ.<br>KAREN ANN BLESKOSKI, ESQ. |
| *Anthony Collavita and David Buske*<br>City of Syracuse Corporation Counsel<br>233 East Washington Street<br>Room 300 City Hall<br>Syracuse, NY 13202 | AIMEE M. PAQUETTE, ESQ. |
| *Woodhaven Apartments and*<br>*Vinod Luthra*<br>Woods, Oviatt Law Firm<br>700 Crossroads Building | JOHN C. NUTTER, ESQ. |

2 State Street
Rochester, NY 14614

*Henry L. Meyer, III, Key Bank, NA,*
*and Key Bank VP of Security*
Moran, Karamouzis Law Firm        ANDREW P. KARAMOUZIS,
265 Sunrise Highway, Suite 61     ESQ.
Rockville Centre, NY 11570

*Cathleen Nash and Citizens Bank*
Menter, Rudin Law Firm            MITCHELL J. KATZ, ESQ.
308 Maltbie Street
Suite 200
Syracuse, NY 13204

*Brian Moynihan, Amy Bidwell,*
*and Bank of America*
Wilson, Elser Law Firm            MARCY E. SPRATT, ESQ.
677 Broadway, 9th Floor           PETER A. LAURICELLA, ESQ.
Albany, NY 12207-2996             RICHARD A. BURGER, ESQ.

Jackson, Lewis P.C.               BENJAMIN F. NEIDL, ESQ.
677 Broadway
Albany, NY 12207

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* James Mhina commenced this action against thirteen defendants — (1) Vinrod Luthra, the "C.E.O. President, [and] owner [of] Woodhaven Apartments"; (2) Woodhaven Apartments, sued in its capacity

2

as a legal entity, (collectively, "Woodhaven defendants"); (3) Syracuse Police Detective Anthony Collavita; (4) Syracuse Police Detective David Buske; (5) Onondaga County Assistant District Attorney Beth Van Doren; (6) Citizens Bank; (7) Cathleen H. Nash, C.E.O. and President of Citizens Bank, (collectively, "Citizens Bank defendants"); (8) Bank of America; (9) Brian Moynihan, C.E.O. and President of Bank of America; (10) Amy Bidwell, Bank of America Branch Manager, (collectively, "Bank of America defendants"); (11) Key Bank, N.A.; (12) Henry L. Meyer, III, C.E.O. of Key Bank; and (13) Vice President of Security Key Bank ("John Doe"), (collectively, "Key Bank defendants") — alleging various civil rights violations and state common law causes of action arising from his prosecution that was subsequently overturned in 2013. (*See generally* 2d Am. Compl., Dkt. No. 24.) Pending are motions to dismiss by the Citizen Bank defendants, (Dkt No. 67), the Bank of America defendants, (Dkt. No. 85), the Woodhaven defendants, (Dkt. No. 87), and the Key Bank defendants, (Dkt. No. 88). Plaintiff has also filed a motion for default judgment. (Dkt. No. 98.) For the reasons that follow, defendants' motions are granted and plaintiff's motion is denied. As such, cross claims by Officers Collvita and Buske and Assistant District Attorney Van Doren for

indemnification or contribution against all moving defendants are likewise dismissed.  (Dkt. No. 46 ¶¶ 48-49; Dkt. No. 49 ¶¶ 78-79.)

## II. Background

### A. Facts[1]

Plaintiff generally alleges that all defendants cooperated to file and prosecute false criminal charges against him between 2006 and 2009. (*See generally* 2d Am. Compl.)  Plaintiff appears to have been arrested and charged by the City of Syracuse Police Department for petit larceny, attempted grand larceny, and possession of a forged instrument.  (*Id.* at 10, 12-13.)  Additionally, according to public records, plaintiff was charged with falsifying business records and scheming to defraud.  *See People v. Mhina*, 110 A.D.3d 1445, 1446 (4th Dep't 2013).[2]  In 2009, after a jury trial, plaintiff was convicted of three counts of criminal possession of a forged instrument in the second degree, two counts of falsifying business records

---

[1] The facts are drawn from plaintiff's second amended complaint and presented in the light most favorable to him.  Citations to this pleading are to the CM/ECF page numbers.

[2] The court notes that the parties have provided with their motion papers the appellate opinion from the underlying state criminal prosecution for the court to consider.  (Dkt. No. 88, Attach. 4.)  The court may look to matters of public record when considering a motion to dismiss for failure to state a claim.  *See Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (explaining that the court, on a motion to dismiss pursuant to Rule 12(b)(6), may consider matters that are subject to judicial notice without converting the motion to one for summary judgment).

4

in the first degree, and one count of scheme to defraud in the second degree. *See id.* Plaintiff's conviction was subsequently overturned on appeal, and he was released after serving seven and one-half years in prison. *See id.* at 1447; (2d Am. Compl. at 3.)

Specifically, plaintiff alleges that the Woodhaven defendants failed to return a $1,700.00 check to him and instead turned it over to the Syracuse Police Department. (2d Am. Compl. at 7.) He alleges that the Woodhaven defendants were then coerced to file false charges against plaintiff and testify falsely against him to the grand jury, resulting in his indictment. (*Id.* at 4.) Plaintiff also alleges that he opened accounts in 2006 and 2007 with Citizens Bank, Bank of America, and Key Bank in Onondaga County. (*Id.* at 30, 37, 45.) After a short period of time, plaintiff claims that the banks closed his accounts without cause. (*Id.* at 31, 38, 46.) Plaintiff alleges that the banks and their named defendant employees were then coerced by Detectives Buske and Collavita and Assistant District Attorney Van Doren to file false charges and supply fraudulent evidence by testifying falsely or providing false statements against plaintiff. (*Id.* at 30, 38, 47.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well

established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV. Discussion[3]

### A. State Action under 42 U.S.C. § 1983

Plaintiff generally alleges that the Woodhaven defendants, the Citizens Bank defendants, the Bank of America defendants, and the Key Bank defendants conspired with either Detectives Buske and Collavita or Assistant District Attorney Van Doren to file criminal charges against him. (2d Am. Compl. at 4, 30, 38, 47.) All of the moving defendants are private entities or individuals who are not amenable to suit pursuant to section 1983 unless they acted under color of state law to deprive plaintiff of his constitutional rights. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). The court finds that plaintiff's conclusory allegations are

---

[3] The court construes plaintiff's "Motion to Dismiss Defendants['] Motions to Dismiss," (Dkt. No. 70), as an additional response to the moving defendants' motions to dismiss. The court has considered plaintiff's arguments and, for the reasons outlined in Part IV.A-B, finds them unavailing.

insufficient to state a claim of state action by any of the moving defendants.

In order to state a viable section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324-25. A plaintiff's allegations must be "'amplified by specific instances of misconduct.'" *Id.* at 325 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). "[M]ere[] conclusory allegation[s] that a private entity [or individual] acted in concert with a state actor does not suffice to state a [section] 1983 claim against the private entity." *Id.* at 324. Rather, a plaintiff must show "a sufficiently close nexus between the [s]tate and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the [s]tate itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

Here, plaintiff's factual allegations have not adequately plead state action on the part of the moving defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." (internal quotation marks and citation omitted)). First, plaintiff alleges that some of the individual moving defendants testified falsely against him before the grand jury or at his trial.[4] It is well-established that a private individual who testifies falsely does not do so under the color of law. *See Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) ("'It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed under the color of law.'" (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983))). Thus, this testimony cannot be the basis of a section 1983 claim.

Second, plaintiff alleges that some moving defendants filed false criminal charges against him or fraudulently aided the prosecution's investigation.[5] For similar reasons, this conduct initiated by private individuals does not constitute state action. *See Pacherille v. Cty. of*

---

[4] Specifically, plaintiff alleges that Luthra, the C.E.O. of Woodhaven Apartments, gave "false statements that made the Onondaga grand jury believe[] these false statements and vote[] to indict plaintiff." (2d Am. Compl. at 4.) Additionally, plaintiff alleges that Bidwell, a Bank of America branch manager, "gave a false statement to the grand jury," and later "falsely testified before plaintiff[']s . . . trial." (*Id.* at 39.)

[5] Plaintiff alleges that the Key Bank defendants "lent a substantial hand" in his criminal prosecution by giving "false and fraudulent" statements. (2d Am. Compl. at 47.) Further, plaintiff claims that the Citizens Bank defendants "decided to bring false malicious charges of possession of [a] forged instrument." (*Id.* at 31.)

8

*Otsego*, No. 3:13-CV-1282, 2014 WL 11515848, at *5 (N.D.N.Y. Nov. 20, 2014) ("[C]ase law in this Circuit is well-established that the provision of information to a police officer — even if that information is false or results in the officer taking affirmative action — is insufficient to constitute 'joint action' with state actors for the purposes of [section] 1983." (internal quotation marks and citation omitted)); *Vazquez v. Combs*, No. 04 Civ. 4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").

Finally, plaintiff has also failed to allege facts giving rise to a conspiracy. Plaintiff claims that the moving defendants "were coerced" by Detectives Buske and Collavita or Assistant District Attorney Van Doren to aid in his criminal investigation and prosecution. (2d Am. Compl. at 4, 30, 38, 47.) These allegations alone do not support a conspiracy claim. *See Ciambriello*, 292 F.3d at 324. Notably absent from plaintiff's complaint are specific facts plausibly indicating an agreement between the detectives or the prosecutor and the moving defendants to violate plaintiff's

9

constitutional rights. *See Jae Soog Lee v. Law Office of Kim & Bae, PC*, 530 F. App'x 9, 10 (2d Cir. 2013) (finding no conspiracy claim where plaintiff did not allege an agreement). Plaintiff has not shown a "'meeting of the minds'" or "'understanding'" between the state actor defendants and the moving defendants sufficient to support a claim of conspiracy. *McGee v. Dunn*, 09 Civ. 6098, 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Rather, plaintiff's complaint "contain[s] only conclusory, vague, or general allegations that the [moving] defendants have engaged in a conspiracy to deprive [him] of his constitutional rights" and, thus, those claims "are properly dismissed." *Ciambriello*, 292 F.3d at 325 (internal quotation marks and citation omitted).

B. **State Law Claims**

In addition to plaintiff's federal constitutional claims, it appears that he alleges several claims arising under New York state law against the moving defendants. Specifically, plaintiff alleges a conversion claim against the Woodhaven defendants and breach of fiduciary duty claims against the Citizen Bank, Key Bank, and Bank of America defendants. (2d Am. Compl. at 4, 30, 37, 46.) Having dismissed all of the federal claims

against the moving defendants, the court declines to exercise supplemental jurisdiction of plaintiff's state law claims.

"In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106, 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)). Even where federal claims against other defendants remain, courts have declined to exercise supplemental jurisdiction over state law claims against defendants for whom all federal claims have been dismissed. *See Melvin v. Cty of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *18-19 (S.D.N.Y. Mar. 29, 2016); *Germano v. Dzurenda*, No. 3:09cv1316, 2011 WL 1214435, at *20 (D. Conn. Mar. 28, 2011). The court finds that, as here, where all federal claims against the moving defendants have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction over these state law claims leans towards dismissal. *See Kolari*, 455 F.3d at 122. Accordingly, the court declines to exercise jurisdiction over plaintiff's state law claims against the moving defendants and they are dismissed

11

from this action.[6]

## C. Motion for Default Judgment

Plaintiff has moved for default judgment against all defendants. (Dkt. No. 98.) This motion, which was filed without a docketed Clerk's entry of default, is procedurally improper and baseless and, therefore, is denied. *See* Fed. R. Civ. P. 55(a); N.D.N.Y. L.R. 55.1; *see generally Robertson v. Doe*, No. 05-Civ-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008), *aff'd sub nom. Robertson v. Dowbenko*, 443 F. App'x 659 (2d Cir. 2011).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Citizens Bank defendants' motion to dismiss (Dkt. No. 67) is **GRANTED** and all claims alleged against them are **DISMISSED**; and it is further

**ORDERED** that Bank of America defendants' motion to dismiss (Dkt. No. 85) is **GRANTED** and all claims alleged against them are **DISMISSED**; and it is further

**ORDERED** that Woodhaven defendants' motion to dismiss (Dkt.

---

[6] Additionally, the court also finds that granting plaintiff leave to amend for a third time will not cure his pleading deficiencies against the private entity and individual defendants. *See generally Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

12

No. 87) is **GRANTED** and all claims alleged against them are **DISMISSED**; and it is further

**ORDERED** that Key Bank defendants' motion to dismiss (Dkt. No. 88) is **GRANTED** and all claims alleged against them are **DISMISSED**; and it is further

**ORDERED** that plaintiff's motion for default judgment (Dkt. No. 98) is **DENIED**; and it is further

**ORDERED** that the cross claims by Officers Collvita and Buske and Assistant District Attorney Van Doren for indemnification or contribution (Dkt. No. 46 ¶¶ 48-49; Dkt. No. 49 ¶¶ 78-79) against all moving defendants are **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to terminate the following defendants from this action: Vinrod Luthra; Woodhaven Apartments; Citizens Bank; Cathleen Nash; Bank of America; Brian Moynihan; Amy Bidwell; Key Bank, N.A.; Henry L. Meyer, III; and Vice President of Security Key Bank ("John Doe"); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 26, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge