**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES P. MHINA,**

                        **Plaintiff,**                  **5:15-cv-327
(GLS/ML)**

                           v.

**ANTHONY COLAVITA et al.,**

                        **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
James P. Mhina
Pro se
P.O. Box 133
Syracuse, NY 13201

**FOR THE DEFENDANTS:**
City of Syracuse Corporation Counsel
233 East Washington Street       CHRISTINA F. DeJOSEPH,
Room 300 City Hall                  ESQ.
Syracuse, NY 13202

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* James P. Mhina brings claims under 42 U.S.C. §§ 1981, 1983, and New York State common law against defendants

Anthony Colavita and David Buske, City of Syracuse Police Officers. (2d Am. Compl., Dkt. No. 24.) Before the court are Mhina's motion for summary judgment, (Dkt. No. 201), and defendants' cross motion for summary judgment, (Dkt. No. 202). For the reasons that follow, Mhina's motion is denied and defendants' motion is granted.

## II. Background[1]

### A. Facts[2]

---

[1] Unless otherwise stated, the facts are undisputed.

[2] Mhina fails to comply with Local Rule 7.1 by failing to provide a separate statement of material facts and a memorandum of law. Instead, he has combined arguments and facts in his motion for summary judgment. (Dkt. Nos. 201, 205, 207.) Pursuant to the Local Rules of Practice, "all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties." N.D.N.Y. L.R. 7.1(a). "Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. . . . Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." N.D.N.Y. L.R. 7.1(a)(3). The court notes that on April 18, 2019, the court issued a Text Order ordering Mhina to respond to defendants' Statement of Material Facts in accordance with L.R. 7.1(a)(3), (Dkt. No. 206), and attached a notification of the consequences of failing to respond, (*id.*, Attach. 1). Although Mhina filed a response, (Dkt. No. 207), it failed to comply with the April 18, 2019 order, (Dkt. No. 206). As such, pursuant to N.D.N.Y. L.R. 7.1(a)(3), the court deems admitted defendants' statement of material facts, which are properly supported and unopposed.

2

During 2007-2008, Officer Buske was assigned to the financial crimes section within the Criminal Investigations Division of the Syracuse Police Department (SPD). (Defs.' Statement of Material Facts (SMF) ¶ 2, Dkt. No. 202, Attach. 2.) During this time, Officer Buske filed two separate felony criminal complaints against Mhina. (*Id.* ¶ 3.)

Officer Buske filed the first felony criminal complaint in December 2007, because Mhina attempted to cash a fraudulent check at a Citizens Bank in Syracuse, New York. (*Id.* ¶ 4.) This complaint was based on the affidavit of John Cruise, a corporate security employee at Citizens Bank. (*Id.* ¶ 5.) Specifically, Mhina deposited a check for $494,620.00, which was returned to Citizens Bank several days later. (*Id.* ¶¶ 11, 13.) Mhina then went to a different Citizens Bank branch and deposited a check in the amount of $494,620.00, which was drawn from a J.P. Morgan Chase Bank. (*Id.* ¶ 14.) Thereafter, J.P. Morgan Chase informed Cruise that the check was never issued by the Bank and should be considered counterfeit. (*Id.* ¶ 15.) Cruise's documentation of Mhina's attempts to cash these fraudulent checks was received by the SPD, which led to Officer Buske's filing of the December 2007 complaint against Mhina. (*Id.* ¶¶ 10, 17.)

Officer Buske filed the second felony criminal complaint in February

2008 because Mhina attempted to cash a fraudulent check for $113,260.50 at a Bank of America in Syracuse, New York. (*Id.* ¶ 6.) This complaint was based on the affidavit of Henry Heisey, Director of Special Investigations Unit at Life of the South Insurance Corporation (LOTS), and the affidavit of Amy Bidwell, a manager at the Bank of America in Syracuse. (*Id.* ¶¶ 7-8.) According to Heisey, Bidwell had provided information to LOTS regarding Mhina's production and deposit of a LOTS check for $113,260.50, noting that the check was counterfeit and that the account from which the check was to be drawn from was closed. (*Id.* ¶¶ 19, 20.) The Financial Crimes Unit received this information from Heisey, which, along with Bidwell's affidavit, led to Officer Buske's filing of the February 2008 complaint against Mhina. (*Id.* ¶¶ 18, 22.)

On December 14, 2007, Officer Buske went to Mhina's workplace and asked Mhina to answer questions about the allegations relating to the counterfeit checks. (*Id.* ¶ 23.) Mhina signed a "Statement Cover Sheet" that informed Mhina of his *Miranda* rights and he voluntarily answered questions. (*Id.* ¶¶ 24, 25.) In doing so, Mhina admitted to depositing the counterfeit checks because he thought "it was an easy way to get some money." (*Id.* ¶ 25.) Mhina also admitted that he was giving "[]his

statement knowing that [he was] going to be criminally charged."
(*Id.* ¶ 26.)

Officers Colavita and Buske arrested Mhina on February 4, 2008, during which time Mhina alleges that Officers Colavita and Buske used a racial slur. (*Id.* ¶¶ 27, 35.) A grand jury indicted Mhina on nine counts relating to the forged checks. (*Id.* ¶ 28.) Following a jury trial in Onondaga County Criminal Court in Syracuse, Mhina was found guilty of six counts charged, including falsifying business records in the first degree and criminal possession of a forged instrument in the second degree. (*Id.* ¶ 29.) On appeal, the Fourth Department, Appellate Division reversed Mhina's conviction and granted a new trial based on a violation of *Molinuex*. (*Id.* ¶ 31); *People v. Mhina*, 110 A.D.3d 1445, 1446-47 (4th Dep't 2017).

## B. Procedural History

Mhina filed this action on March 20, 2015. (Compl., Dkt. No. 1.) After various dismissals, (Dkt. Nos. 11, 22, 115, 175), the only defendants remaining are Officers Colavita and Buske, and Mhina's only remaining claims are a false arrest claim under New York State law, malicious prosecution claims under Section 1983 and New York State law, and a

Section 1981 claim, (Dkt. No. 175).

Pending are Mhina's motion for summary judgment, (Dkt. No. 201), and defendants' cross motion for summary judgment, (Dkt. No. 202).

### III. Standard of Review

The standard of review pursuant to Federal Rule of Civil Procedure 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

**A. Defendants' Cross Motion for Summary Judgment**

*1. False Arrest*

The elements of a false arrest claim are: "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged." *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 759 (2016) (citations omitted).

Probable cause is a complete defense to a false arrest claim. *See Mahoney v. New York*, 147 A.D.3d 1289, 1291 (3d Dep't 2017); *Nasca v.*

6

*Sgro*, 130 A.D.3d 588, 589 (2d Dep't 2015).  "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty."  *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983).  "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed by the suspected individual."  *Mahoney*, 147 A.D.3d at 1291 (citation and alteration omitted).  "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, or may require a trial if the facts are in dispute."  *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted).

The court agrees with defendants that probable cause to arrest Mhina existed because they had received three affidavits detailing Mhina's illegal acts: Cruise described Mhina's attempt to cash fraudulent checks at two separate Citizen Bank locations in Syracuse, (SMF ¶ 10), and both Heisey and Bidwell described Mhina's attempt to deposit a fraudulent check for $113,260.50, (*Id.* ¶ 18-21).  These affidavits, alone, are sufficient to establish probable cause.  *See Mahoney*, 147 A.D.3d at 1293-94 ("It is

well settled that, generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest.") (internal quotation marks, alteration, and citations omitted). Further, prior to Mhina's arrest, there were two felony criminal complaints filed against him based on these three affidavits. (SMF ¶¶ 5, 22.) And, prior to his arrest, Mhina signed a statement acknowledging that he had cashed the checks because he thought "it was an easy way to get some money." (SMF ¶ 25.) Accordingly, defendants are entitled to summary judgment on this claim.

### 2. Malicious Prosecution

The elements of a malicious prosecution claim under both Section 1983 and New York State law are: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and[ ] (4) the matter terminated in plaintiff's favor." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (citation omitted); *see Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). "When raising a malicious prosecution claim under Section 1983, a plaintiff must also show a seizure or other perversion of proper legal procedures implicating the claimant's

8

personal liberty and privacy interests under the Fourth Amendment." *Mitchell*, 841 F.3d at 79 (internal quotation marks and citation omitted).

With regard to the second element of a malicious prosecution claim, "probable cause to prosecute consists of 'facts and circumstances [that] would lead a reasonably prudent person to believe the plaintiff guilty.'" *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017) (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). "A grand jury indictment 'gives rise to a presumption that probable cause exists' and thereby defeats a claim for malicious prosecution." *Ying Li*, 246 F. Supp. 3d at 611 (quoting *Rentas*, 816 F.3d at 220); *see Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) ("The existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." (internal quotation marks, alteration, and citation omitted)). "That presumption may be rebutted only by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Manganiello*, 612 F.3d at 162 (citations and internal quotation marks omitted). The court recognizes that "[t]he probable cause determination relevant to a malicious

9

prosecution claim differs from that relevant to a false arrest claim, and the two determinations play different roles in the two causes of action." *Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000); *see Boyd*, 336 F.3d at 75-77. However, because Mhina "does not allege that there was any difference in the facts known to [defendants] between arrest and arraignment," the court need "analyze only the existence of probable cause at the time of [Mhina's] arrest[ ]." *Kanderskaya v. City of New York*, 11 F. Supp. 3d 431, 436 n.1 (S.D.N.Y. 2014); *see Lanning v. City of Glens Falls*, No. 1:16-CV-00132, 2017 WL 922058, at *4 (N.D.N.Y. Mar. 8, 2017).

Here, as a preliminary matter, the grand jury's indictment of Mhina on nine counts relating to the forged checks creates a presumption of probable cause. *See Manganiello*, 612 F.3d at 162. Mhina has offered no evidence to rebut this presumption. In any event, probable cause existed because, as noted above, defendants had a reasonable belief that Mhina had committed a crime based on the three affidavits detailing Mhina's illegal acts, two felony criminal complaints filed against Mhina, and Mhina's signed statement acknowledging that he had cashed the checks because he thought "it was an easy way to get some money." (SMF ¶¶ 5, 10, 18-22, 25.)

10

With regard to the fourth element of a malicious prosecution claim, "[a] criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused." *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84 (2001). Here, Mhina's conviction was reversed and remanded for a new trial because the prosecutor improperly introduced Mhina's prior bad acts at trial. (Dkt. No. 202, Attach. 3 at 5); *Mhina*, 110 A.D.3d at 1446. Contrary to Mhina's assertions, (Dkt. No. 205 at 5), this result is not a "favorable termination" for purposes of finding defendants liable for malicious prosecution. *See Thomas v. City of Troy*, 293 F. Supp. 3d 282, 294 (N.D.N.Y. 2018) ("Proceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty. A reversal of a criminal conviction and remand for a new trial does not constitute such a termination." (internal quotation marks, alterations, and citations omitted)); *Martinez*, 97 N.Y.2d at 84-85 (finding no favorable termination where the plaintiff's conviction was reversed "not because of [the plaintiff's] lack of culpability" but because the "conviction was obtained pursuant to a faulty search warrant"). Accordingly, defendants are entitled

11

to summary judgment on this claim.[3]

### 3. *Section 1981*

The elements of a Section 1981[4] claim are: "(1) plaintiff[] [is] [a] member[] of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000).

The statute of limitations for a Section 1981 claim is three years. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Mhina was arrested on February 4, 2008, during which time he alleges that defendants used a racial slur. (SMF ¶¶ 27, 35.) However, Mhina did not file his original complaint until March 20, 2015, more than three years after the alleged racial slur was made. (Compl.) As such, Mhina's claim is barred by the statute of limitations, and defendants are entitled to summary

---

[3] Although Mhina's malicious prosecution claims must be dismissed because he fails to satisfy both the second and fourth elements, and thus the remaining two elements need not be reached, the court acknowledges and agrees with defendants that "probable cause for the prosecution was not so lacking as to reasonably permit an inference that the proceeding was maliciously instituted." *Espada v. Schneider*, 522 F. Supp. 2d 544, 554-55 (S.D.N.Y. 2007); (Dkt. No. 202, Attach. 3 at 5-6.)

[4] *See* 42 U.S.C. § 1981.

judgment as to this claim as well.

A. **Mhina's Motion for Summary Judgment**

For the foregoing reasons, Mhina's motion for summary judgment is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Mhina's motion for summary judgment (Dkt. No. 201) is **DENIED**; and it is further

**ORDERED** that defendants' cross motion for summary judgment (Dkt. No. 202) is **GRANTED** and Mhina's second amended complaint (Dkt. No. 24) is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 15, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge